# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) JONATHAN M. McGEHEE, ) ) Defendant. ) | Case No. 09-20014 |

## MEMORANDUM AND ORDER

On October 13, 2010, a jury convicted Mr. McGehee of possession with intent to distribute a quantity of "crack" cocaine, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. The matter is presently before the Court on Mr. McGehee's motion for new trial (doc. 49) filed on October 21, 2010 pursuant to Fed. R. Crim. P. 33. For the reasons set forth below, the motion is denied.

The jury found Mr. McGehee guilty of 18 U.S.C. § 924(c) as charged in Count 2 of the indictment (doc. 1). The statute, in relevant part, prohibits a person from possessing a firearm "in furtherance of" a drug trafficking crime, in this case, possession with intent to distribute "crack" cocaine. 18 U.S.C. § 924(c)(1)(A). Mr. McGehee argues that the evidence at trial was insufficient to sustain a conviction on this count.

In resolving Mr. McGehee's challenge to the sufficiency of the evidence, the Court

must determine whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Doddles*, 539 F.3d 1291, 1293 (10th Cir. 2008) (quotation omitted). The Court must "resolve any possible conflicts in the evidence in favor of the government and assume that the jury found that evidence credible." *Id.* at 1293-94. "While the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt, it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Burkley*, 513 F.3d 1183, 1188-89 (10th Cir. 2008) (internal quotation omitted). Rule 33 of the Federal Rules of Criminal Procedure provides that a court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A motion for a new trial is not regarded with favor and is only issued with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007) (internal quotation omitted).

With respect to Count 2, the government was required to prove that Mr. McGehee knowingly "possessed" a firearm. The jury was instructed in Instruction 16 that the law recognizes two kinds of possession: actual possession and constructive possession (doc. 44). A person who knowingly has direct physical control over an object is in actual possession of it. Constructive possession, on the other hand, exists when a person, although not in actual possession, "knowingly has ownership, dominion, or control over" the particular object. *United States v. Hager*, 969 F.2d 883, 888 (10th Cir. 1992). In

2

most cases, constructive possession over an object may be inferred if a defendant has exclusive possession of the premises where the object is found, but constructive possession may also be found in joint occupancy cases where the government presents some evidence supporting a plausible inference that the defendant "has knowledge of and access to the weapon or contraband." *United States v. Avery*, 295 F.3d 1158, 1177 (10th Cir. 2002) (quoting *United States v. Taylor*, 113 F.3d 1136, 1145 (10th Cir. 1997)). "Circumstantial evidence may establish constructive possession." *United States v. Hishaw*, 235 F.3d 565, 571 (10th Cir. 2000).

Mr. McGehee contends that the evidence presented at trial does not support that he knew the gun was in the vehicle or that the gun actually belonged to him. This Court finds, however, that the evidence is such that a reasonably jury could find that Mr. McGehee had knowledge of and access to the firearm and therefore "possessed" the firearm. Officer Holloway testified that during the traffic stop, he noticed Mr. McGehee attempting to kick something under the passenger seat of the vehicle in which he was sitting. Upon closer observation, Officer Holloway could see the firearm protruding from underneath the seat. Furthermore, Mr. McGehee had ready access to the firearm, for it was placed directly at his feet. This evidence supports a plausible inference that Mr. McGehee possessed the firearm.

Also with respect to Count 2, the government was required to show that Mr. McGehee knowingly possessed a firearm "in furtherance of the underlying crime, in this case, possession of "crack" cocaine with intent to distribute it. In Instruction 14, the jury

was instructed as follows:

> Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, advancing, or achieving the goal or objective of the underlying offense. Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:
>
> 1. the type of criminal activity that is being conducted;
>
> 2. accessibility of the firearm;
>
> 3. the type of firearm;
>
> 4. whether the firearm was stolen;
>
> 5. the status of the possession (legitimate or illegal);
>
> 6. whether the firearm is loaded;
>
> 7. the time and circumstances under which the firearm is found; and
>
> 8. proximity to drugs or drug profits

(doc. 44). *See United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001) (approving use of this instruction).

Considering the evidence in the light most favorable to the government, the factors listed in the above applicable instruction support a finding that Mr. McGehee did possess a firearm in furtherance of his drug trafficking. First, Mr. McGehee's criminal activity consisted of trafficking "crack" cocaine. Drug traffickers frequently carry weapons to protect their merchandise and cash receipts, and to intimidate other purchasers. *See*

*United States v. Burkely*, 523 F.3d 1183, 1190 (10th Cir. 2008). Detective Greeno likewise testified that individuals involved in drug trafficking often possess firearms to protect themselves and their drugs. He further testified that the "crack" cocaine discovered on Mr. McGehee's person was individually packaged, and Mr. McGehee was in possession of $149.00 in U.S. Currency in denominations of $20s, $5s, and $1s, two facts consistent with drug distribution. This testimony, along with Mr. McGehee's incriminating statements made during recorded phone calls, describing that it was his intent to distribute the "crack," indicate ongoing drug trafficking. Second, Mr. McGehee's firearm was readily accessible on the floor of the passenger side of the vehicle and at Mr. McGehee's feet. Third, the firearm, a large caliber semi-automatic, is a type that is easily concealed. Fourth, there was no evidence that the firearm was stolen, but, fifth, as a convicted felon, Mr. McGehee possessed it illegally. Sixth, the firearm was fully loaded and had a round in the chamber when it was recovered by police. Seventh, the firearm was found in connection with a traffic stop in an area known to the officers for drug activity. Eighth, the firearm was found in close proximity to Mr. McGehee, the "crack" cocaine, and the U.S. currency he was carrying. *See, e.g., United States v. Gorman*, 355 F. App'x 234, 237 (10th Cir. Dec. 10, 2009) (considering these factors in a similar case).

Accordingly, the Court concludes that the evidence was sufficient to support the jury's conviction of Mr. McGehee for possession of a firearm in furtherance of a drug trafficking crime and therefore denies Mr. McGehee's motion for new trial.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's motion for new trial (doc. 49) is denied.

**IT IS SO ORDERED** this 30th day of December, 2010.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        U.S. District Judge